UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
           :
CROCS, INC. et al.,           :
           :
          Plaintiffs,           :
           :     25-CV-180 (JMF)
     -v-           :
           :     MEMORANDUM OPINION
JINJIANG HOBIBEAR SHOES & CLOTHING CO.,    :     AND ORDER
LTD.,           :
           :
          Defendant.           :
           :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

     In this case, Plaintiffs Crocs, Inc. and Jibbitz, Inc. bring intellectual property claims against Defendant Jinjiang HobiBear Shoes & Clothing Co., Ltd. ("HobiBear"). *See* ECF No. 1. On April 18, 2025, HobiBear moved to dismiss the Complaint, which Plaintiffs have since amended. *See* ECF Nos. 23, 28. In the interim, HobiBear filed a motion, pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeking a temporary restraining order ("TRO"), a preliminary injunction, and a declaratory judgment of non-infringement. *See* ECF No. 26. On May 7, 2025, the Court ordered HobiBear to show cause why that motion should not be denied given that it had not brought "any counterclaims seeking affirmative relief." ECF No. 27. Substantially for the reasons stated in the Court's Order to Show Cause, *see* ECF No. 27, and Plaintiffs' response to HobiBear's submission, *see* ECF No. 30, the Court concludes that HobiBear's motion is premature and, thus, it is DENIED.

     A temporary restraining order, like a preliminary injunction, "is an extraordinary remedy never awarded as of right." *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir. 2010); *see also, e.g.*,

*Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."). To obtain such relief, a "must ordinarily establish (1) irreparable harm; (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted). "A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted).

By definition, a party cannot show a likelihood of success on, or serious questions going to, the merits of a claim if it does not, as here, even assert a claim. *See, e.g.*, *Hooda v. W.C.A. Serv. Corp.*, 2013 WL 2161821, at *10 (W.D.N.Y. May 17, 2013); *Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12CV2472 AJB (KSC), 2013 WL 11327092, at *1 (S.D. Cal. May 2, 2013); *see also, e.g.*, *Washington v. Bert Bell/Pete Rozelle NFL Ret. Plan*, 504 F.3d 818, 825 (9th Cir. 2007). That dooms HobiBear's requests for a TRO and preliminary injunction. Further, to the extent HobiBear seeks a preliminary declaratory judgment, its request flies in the face of the weight of authority in this Circuit, which provides that such relief is not available under Rule 65. *See, e.g.*, *Vazquez Perez v. Decker*, No. 18-CV-10683 (AJN), 2019 WL 4784950, at *10 (S.D.N.Y. Sept. 30, 2019) (Nathan, J.) ("[T]here is no clear precedent authorizing . . . preliminary declaratory relief, and the Court finds that no such relief exists." (internal quotation marks omitted)); *cf. Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) ("[P]rior to final judgment there is no established declaratory remedy comparable to a

preliminary injunction . . . ."). HobiBear's reliance on *Starter Corp. v. Converse, Inc.*, 170 F.3d 286 (2d Cir. 1999), to argue otherwise is misplaced, as *Starter Corp.* involved an injunction entered *after* a jury trial on the merits, not a preliminary grant of relief, *id.* at 298-300.

For these reasons, HobiBear's motion for preliminary relief is DENIED without prejudice. The Clerk of Court is directed to terminate ECF No. 26.

SO ORDERED.

Dated: May 28, 2025
New York, New York

JESSE M. FURMAN
United States District Judge