**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CROCS, INC. and JIBBITZ, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>JINJIANG HOBIBEAR SHOES & CLOTHING CO., LTD.,<br><br>Defendant. | Civil Action No. 1:25-cv-180-JMF |

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

Plaintiffs Crocs, Inc. and Jibbitz, Inc. ("Plaintiffs"), and Defendant Jinjiang HobiBear Shoes & Clothing Co., Ltd. ("Defendant"), (each a "Party" and, collectively, the "Parties"), recognizing that the Parties may have materials containing or comprising trade secret or other confidential business, financial, research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c), have agreed to the terms of this Stipulated Protective Order ("Order") as set forth below. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

**1. Purposes, Limitations, and Good Cause**

1.1 Purposes and Limitations. Discovery in this action is likely to involve production of confidential, proprietary, competitively sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or resolving this litigation may be warranted. Accordingly, as noted above, the Parties hereby stipulate to and jointly request the Court to enter the following Order. The Parties acknowledge

that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as set forth in this Order and as otherwise permissible under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 12.1 below, that this Order does not entitle them to file confidential information under seal; rather, the Southern District's Electronic Case Filing ("ECF") Rules, the Southern District's ECF Privacy Policy, the Southern District's Amended Standing Order *In re: Procedures for Requesting, Filing, and Management of Highly Sensitive Documents*, and Rule 7 of the Court's Individual Rules and Practices in Civil Cases set forth the procedures that must be followed and the standards that will be applied when a Party seeks to file material under seal.

1.2 Good Cause Statement. This action is likely to involve discovery regarding trade secrets, valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution, defense, and resolution of this action is warranted.

1.3 Such confidential materials and information consist of, among other things, documents, testimony, information or other things that a Designating Party (as defined below) believes, in good faith, contain (1) confidential business, financial, personal, or commercial information or competitively-sensitive information not customarily disclosed to the general public; or (2) any Non-Party documents, testimony or information or other things that the Non-Party currently maintains as confidential and seeks to maintain as confidential for purposes of this Action, and the disclosure of which may have the effect of causing harm to the Non-Party from which the documents, testimony or information was obtained. Confidential information also includes information regarding business negotiations and/or dealings, business agreements,

financial information, financial transactions, information regarding confidential business practices, confidential research and development information about the Parties' products, commercial information, information implicating privacy rights of Non-Parties, information otherwise generally unavailable to the public, or information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

1.4 Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such materials in preparation for and in the conduct of trial, to address the disposition of such materials at the conclusion of this litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. Definitions**

2.1 Action: This pending action, i.e., *Crocs, Inc. and Jibbitz, Inc. v. Jinjiang HobiBear Shoes & Clothing Co., Ltd.*, Case No. 1:25-cv-180-JMF.

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Disclosure or Discovery Material (as defined below) that qualifies for protection under Federal Rule of Civil Procedure 26(c), and as specified above in Paragraph 1.B above.

2.4 “HIGHLY CONFIDENTIAL - ATTORNEYS’ EYES ONLY” Information or Items: Disclosure or Discovery Material that the Designating Party believes, in good faith, contains information the disclosure of which is likely to cause substantial harm to the competitive position of the Designating Party, contains information subject to the right of privacy of any person, or contains information alleged to be a trade secret. None of the restrictions set forth in this Order shall apply to any documents or other information that are or become public knowledge by means not in violation of the provisions of this Order, or any law or statute.

2.5 Counsel: Outside Counsel of Record (as defined below) and In-House Counsel of Record (as defined below).

2.6 Designating Party: A Party or Non-Party that designates information or items that it produces in responses to discovery, disclosures, subpoenas or otherwise as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL - ATTORNEYS’ EYES ONLY.”

2.7 Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter. Such information may consist of, without limitation:

(a) testimony given in this Action by any Party or by any Non-Party (whether oral, in writing, or on videotape);

(b) documents produced in this Action by any Party or by any Non-Party;

(c) written discovery responses given by any Party;

(d) any documents or pleadings filed with the Court; and

(e) the information contained within such documents, testimony or discovery responses.

2.8 Expert: A person with specialized knowledge or experience in a subject matter pertinent to the Action who:

(a) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action;

(b) is not a current employee of a Party or competitor of a Party; and

(c) at the time of retention, is not anticipated to become an employee of a Party or competitor of a Party.

2.9 In-House Counsel: Attorneys who are employees of a party to this Action and their staff. In-House Counsel does not include Outside Counsel of Record (as defined below), any other outside counsel, or any other employees of a party to this Action.

2.10 Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared in this Action on behalf of that party. Outside Counsel of Record includes partners, associates, and staff within the law firm to which such appearing attorneys are affiliated, to whom it is reasonably necessary to disclose information for this litigation.

2.12 Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel and Outside Counsel of Record.

2.13 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

2.16 Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope**

3.1 The protections conferred by this Order cover not only Protected Material but also:

(a) any information copied or extracted from Protected Material;

(b) all copies, excerpts, summaries, or compilations of Protected Material; and

(c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2 The protections conferred by this Order do not cover the following information:

(a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and

(b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.

3.3 Nothing in this Order shall prevent or restrict a Producing Party's disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing Protected Material to an individual who prepared the Protected Material.

3.4 Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

3.5 This Order is without prejudice to the right of any Party to seek further or additional protection of any Disclosure or Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4. Duration**

4.1 The confidentiality obligations imposed by this Order shall remain in effect after final disposition of this Action, unless a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) entry of a final judgment in this Action after the completion and exhaustion of all appeals, re-hearings, remands, trials, or

reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. Designating Protected Material**

5.1 Designating Material for Protection. Parties and Non-Parties may designate Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the material meets the requirements listed a in Paragraphs 2.3 and 2.4 above.

5.2 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.3 If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.4 Any Party May Designate Information Produced by a Non-Party. Any Party may designate information or documents disclosed by a Non-Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order by so

indicating in writing within twenty-one (21) days after receipt of said information or documents, providing an identification by relevant document numbers or other means of the document or information (or portion thereof) to be so designated.

5.5 Manner and Timing of Designations. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If a Party wishes to designate only a portion or portions of the material on a page as Protected Material, the Party may do so by making appropriate markings in the margins or by some other method that clearly designates such portions as Protected Material.

(b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents or portions thereof qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY" legend to each page that contains Protected Material.

(c) for testimony given in depositions or in other pretrial proceedings, that the Designating Party request that the transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the court reporter. This request may be made orally during the proceeding or in writing within fifteen (15) days of the proceeding. Deposition transcripts shall be treated by default as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the expiration of the time to make a confidentiality designation.

(d) Transcripts containing Protected Material shall have a clear legend with the appropriate designation on the title page and every subsequent page that the transcript contains Protected Material. If only portions of a transcript are designated as Protected Material, then the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(e) The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(f) Deposition transcript pages that reflect Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except

as permitted under this Order. The Designating Party shall inform the court reporter of these requirements.

(g) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.6 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order. The Producing Party may subsequently designate Discovery Material as Protected Material in the following manner:

(a) the Producing Party must give prompt, written notice to Outside Counsel of Record for the Party to whom such documents, testimony, or other information have been disclosed, informing them that the information produced is designated Protected Material;

(b) Outside Counsel of Record receiving notice of newly designated documents, testimony or other information shall take reasonable steps to comply with such new designation, including reasonable steps to retrieve any documents distributed inconsistent with such new designation, but shall not be responsible for any disclosure to non-parties occurring before receipt of notice; and

(c) at its own expense, the Designating Party will provide the Party receiving the notice with another copy of the documents, deposition testimony, or other information that bears the appropriate designation.

5.7 Source Code. The Parties do not anticipate the need for production of any computer source code in this Action. In the event such a need arises, the Parties shall confer in good faith regarding the procedures for review of such code.

**6. Challenging Confidentiality Provisions**

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. This includes a request for a redacted copy of material designated as HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY. Unless a prompt challenge is necessary to avoid foreseeable substantial unfairness, unnecessary substantial economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under any applicable local rule or court order. To challenge a designation, the Challenging Party shall initiate the dispute resolution process by providing the Designating Party and any involved Non-Parties with written notice that describes the basis for the challenge of each designation at issue. Within seven (7) days of receipt of said notice, the Designating Party shall confer with the Challenging Party and provide to the Challenging Party the basis for the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation. The Parties shall attempt to resolve each challenge in good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient). A Challenging Party

may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to do so in a timely manner.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court to resolve the dispute. Failure by the Challenging Party to make such a motion, absent a showing of good cause for the delay, may constitute a waiver of the confidentiality designation for each challenged designation at the Court's discretion. In addition, the Challenging Party may challenge a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

6.4 Burden of Persuasion. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous assertions of confidentiality and/or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or the Challenging Party, as the case may be, to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. Access to and Use of Protected Material**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14

below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this Action;

(b) up to five (5) officers, directors, and employees (including In-House Counsel) of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this Action, and (2) who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

(c) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and (3) as to whom the procedures set forth in Paragraph 7.5 below have been followed;

(d) the Court and its personnel;

(e) court reporters, videographers, and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions or in court proceedings, witnesses, and attorneys for witnesses, provided that (1) the Protected Material was authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) the Protected Material was produced by or obtained from such persons or their employer;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other person with the prior written consent of the Producing Party.

7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to the following persons:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of this Action;

(b) up to three (3) In-House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this Action, and (2) who have signed the "Acknowledgement and Agreement to Be Bound" attached hereto as Exhibit A;

(b) Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for purposes of this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, and (3) as to whom the procedures set forth in Paragraph 7.5 below have been followed;

(c) the Court and its personnel;

(d) court reporters and videographers and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of this Action and who have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(h) during their depositions, hearings, or at trial, current officer, director, or employee witnesses of the Producing Party; and

(i) any other person with the prior written consent of the Producing Party.

In addition to the persons identified above, Defendant may disclose Protected Material designated by Plaintiffs as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to Felicia Liu, an agent associated with the intellectual property firm of Imingtu in China (1) who is assisting Defendant in connection with the Action and to whom disclosure is reasonably necessary for purposes of this Action, and (2) who has signed the "Acknowledgement and Agreement to Be

Bound" attached hereto as Exhibit A; provided, however, that such agent may not disclose such information to any person not authorized to receive such information under this Paragraph 7.3 and provided further that Plaintiffs may identify specific information designated by Plaintiffs as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as extremely sensitive and subject to disclosure to such agent only with additional safeguards to be agreed to by the Parties prior to such disclosure.

7.4 Procedures for Approving or Objecting to Disclosure of Protected Material to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraphs 7.2(c) or 7.3(b) above first must provide the Designating Party with a written notice that includes (1) the Expert's signed "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A, (2) sets forth the full name of the proposed recipient and the city and state of the proposed recipient's primary residence; (3) attaches a copy of the proposed recipient's current resume; and (4) identifies the proposed recipient's current employer(s). For purposes of clarity, all requests for disclosures to any proposed recipient under this paragraph are subject to Paragraphs 7.4(b) and 7.4(c) below.

(b) A Party that makes a request and provides the information specified Paragraph 7.5(a) above may disclose the subject Protected Material to the identified person after five (5) business days from the time it delivered the request unless,

within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based and must be made for good cause. Failure to object within five (5) business days shall constitute approval.

(c) A Designating Party that makes a timely written objection must meet and confer with the Receiving Party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within five (5) business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure may file a motion seeking permission from the court to do so.

(c) In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8. Protected Material Subpoenaed or Ordered Produced in Other Litigation**

8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b) promptly notify in writing the party that caused the subpoena or order to issue in the other litigation that some or all material covered by the subpoena or order is subject to this Order, and include in such notification a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce the Protected Material before a determination by the court from which the subpoena or order issued that the Protected Material must be produced, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A Non-Party's Protected Material Sought to be Produced in this Litigation**

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.3 If the Non-Party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. Unauthorized Disclosure of Protected Material**

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly (a) notify the Designating Party in writing what was disclosed and to whom, (b) use its best efforts to retrieve all Protected Material improperly disseminated, including all copies, (c) inform the person or persons to whom such unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. Inadvertent Production of Privileged or Otherwise Protected Material**

11.1 When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). In accordance with Federal Rule of Evidence 502(d), the attorney-client privilege or work-product protection is not waived as a result of the disclosure of information in connection with this litigation through inadvertence or error. Such production of documents or information subject to attorney-client privilege, work-product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Material, privileged or protected by the work-product immunity or any other applicable privilege, provided that the Producing Party notifies the Receiving Party in writing promptly upon discovery of such information. Within five (5) business days of receiving such notice, the Receiving Party shall return such information or documents or confirm in writing that it has taken reasonable steps to permanently delete all electronic copies of such documents from electronic records and to destroy all paper copies. If the Receiving Party has disclosed the information to others before being notified of the claim of privilege or protection, the Receiving Party must take reasonable steps to retrieve and return or destroy the disclosed information. No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone after the request that they be returned. The Receiving Party may move the court for an order compelling production of such information (based on information independent of the content of the allegedly privileged materials in question), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Party shall not use or disclose a document or information for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by a decision of this Court. If a Party becomes aware that it has received documents that are clearly privileged, the Party receiving the privileged documents will promptly

notify the Producing Party of receipt of the documents and return or destroy all copies of the privileged documents, if the Producing Party so requests within 10 days after being advised of the inadvertent production. If the Producing Party does not request return or destruction of the identified privileged documents within this ten-day time period, the Producing Party will be deemed to have waived the privilege, but only with respect to the specific documents identified.

**12. Filing Protected Material in Court**

12.1 Filing Protected Materials. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's good-faith request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.2 All persons producing Protected Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

12.3 All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Disclosure or Discovery Material introduced in

evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Protected Material.

12.4 Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Material itself, and not text that in no material way reveals the Protected Material.

12.5 Treatment of Protected Material at Trial. This Order does not govern the treatment of Protected Material at trial, which issue will be separately raised by the parties and separately addressed by the Court.

**13. Miscellaneous**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any Party or person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground. This includes the right to object to the disclosure of specifically identified documents, testimony, or other Disclosure or Discovery Material to specific persons otherwise entitled to receive Confidential Information under Paragraphs 7.2 and 7.3 above. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

**14. Final Disposition**

14.1 After the final disposition of this Action, as defined in Section 4 above, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision,

"all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 above.

**15. Violation**

15.1 Any violation of this Order may be punished by any and all appropriate measures including contempt proceedings and/or monetary sanctions. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15.2 Each person who has access to Disclosure or Discovery Material that has been designated as Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

15.3 Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft)

exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

SO STIPULATED AND AGREED:

Dated: November 17, 2026

KING & SPALDING LLP

S/ *Bruce W. Baber*
Bruce W. Baber (admitted pro hac vice)
bbaber@kslaw.com
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-572-4600

Kathleen E. McCarthy
kmccarthy@kslaw.com
Ojeiku C. Aisiku
oaisiku@kslaw.com
Lilian Klatskin
lklatskin@kslaw.com
1290 Avenue of the Americas, 14th Floor
New York, New York 10104
Telephone: 212-556-2100

*Attorneys for Plaintiffs*
CROCS, INC. and JIBBITZ, INC.

Dated: November 17, 2026

BOCHNER PLLC

S/ *Joseph Farco*
Joseph Farco
jfarco@bochner.law
1040 6th Avenue, 15th Floor
New York, New York 10018
Telephone: 646-971-0685

*Counsel for Defendant*
JINJIANG HOBIBEAR SHOES & CLOTHING CO., LTD.

**PURSUANT TO STIPULATION, IT IS SO ORDERED** in Chambers, New York, New York, this 18 day of November, 2026.

JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _______________________ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on ________________, in the case of *Crocs, Inc. and Jibbitz, Inc. v. Jinjiang HobiBear Shoes & Clothing Co., Ltd.*, Case No. 1:25-cv-180-JMF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _______________________ [print or type full name], counsel for __________, as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on __________ __, 202_.

____________________________________

Printed name: ________________________

Address: ____________________________

____________________________